JUDGE BRODERICK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    Index No.

DANNY YOO,                                                  14 CV 7090

                              Plaintiff,                    COMPLAINT

                 -against-

                                                            PLAINTIFF DEMANDS A
THE NEW YORK PALACE HOTEL, and                              TRIAL BY JURY
MICHEL RICHARD, *Individually*,

                              Defendants.

-----------------------------------------------------------------X

*RECEIVED*
*SEP 03 2014*
*U.S.D.C. S.D. N.Y.*
*CASHIERS*

        Plaintiff, DANNY YOO (hereinafter referred to as "YOO"), by his attorneys, PHILLIPS

& ASSOCIATES, Attorneys at Law, PLLC, upon information and belief, complains as follows:


## NATURE OF THE CASE

1.  Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

    U.S.C. § 2000e, et. seq. ("Title VII") and the New York City Human Rights Law, New York

    City Administrative Code § 8-107(a), *et. seq.*, and seeks to recover lost wages, damages for

    emotional distress, and costs as a result of being **Sexually Harassed**, **Discriminated**

    **Against,** and **Retaliated against** by his employer solely due to his **Sex.**

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331

    and 1343.

3.  The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law

    pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this district, pursuant to 28 U.S.C. §1391, as the acts complained of

    herein occurred within the Southern District of New York.

## PROCEDURAL PREREQUISITES

5.   Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6.   Plaintiff received a Notice of Right to Sue from the EEOC, dated June 6, 2014, with respect to the instant charges of discrimination.  A copy of the Notice is annexed to this Complaint.

7.   This Action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8.   That at all times relevant hereto, Plaintiff DANNY YOO ("YOO") is a resident of the State of New York and County of Queens.

9.   That at all times relevant hereto, Defendant THE NEW YORK PALACE HOTEL ("NYPH") is a foreign business corporation with its principal place of business at 455 Madison Avenue, New York, NY 10022.

10.   At all times herein mentioned, Plaintiff YOO was a full-time employee of Defendant NYPH.

11.   That at all times relevant hereto, upon information and belief, Defendant MICHEL RICHARD ("RICHARD") was and is a resident of the State of New York.

12.   That at all times relevant hereto, Defendant RICHARD was an employee of Defendant NYPH, holding the position of "Chef."

13.   That at all times relevant hereto, Defendant RICHARD was Plaintiff YOO's supervisor and/or held supervisory authority over Plaintiff YOO.

14.   That at all times relevant hereto, Defendant NYPH and Defendant RICHARD are collectively referred to herein as "Defendants."

## MATERIAL FACTS

15.   In or about October 1997, Plaintiff YOO began working for Defendants as a "Tournant."

2

16. Throughout his tenure with Defendants, Plaintiff YOO was an exemplary employee, was never disciplined, and always received compliments for his work performance.

17. In or about August 2013, Plaintiff YOO requested a transfer in order to take the position of "Pastry Tournant," which Defendant NYPH granted.  As a "Pastry Tournant," Plaintiff YOO then began working the overnight shift, earning approximately $32 per hour and working approximately 35 hours per week.

18. However, after his transfer, **Defendants exposed Plaintiff YOO to harassment and discrimination solely due to his sex**, creating a hostile and intimidating work environment.

19. By way of example, on Thanksgiving Day 2013, Plaintiff YOO was preparing the brunch for the hotel.  Defendant RICHARD entered the pastry kitchen and approached Plaintiff YOO.  Noticing a bubble on the éclair Plaintiff YOO had worked on, **Defendant RICHARD approached Plaintiff YOO and all of a sudden began tapping Plaintiff YOO's chin and lips repeatedly with his fingers, saying "bubble bubble."**

20. Taking this to be a sexual advance by Defendant RICHARD, Plaintiff YOO was shocked and horrified.

21. Plaintiff YOO felt humiliated, degraded and offended at the sexual nature of Defendant RICHARD's sexual Plaintiff subsequently reported the incident to Human Resources on or around December 3, 2013, immediately after returning from the holiday.

22. Defendant NYPH's Human Resources told Plaintiff YOO they would get back to him in two weeks.  However, Plaintiff YOO never heard from NYPH's Human Resources regarding the incident.

23. Due to Plaintiff YOO's extreme discomfort and fear of Defendant RICHARD, Plaintiff YOO began avoiding overtime in order to avoid Defendant RICHARD's discriminatory behavior.  In so doing, Plaintiff YOO has suffered a substantial financial loss.

24. Then, in or about February 12, 2014, Defendant NYPH retaliated against Plaintiff YOO for complaining about discrimination by assigning him to the exact same shift schedule as Defendant RICHARD.

25. When Plaintiff YOO expressed his fear of working with Defendant RICHARD, **Defendants have Plaintiff YOO two options:  1) work the shift with Defendant RICHARD, or 2) take a different position earning less pay and losing Plaintiff's seniority.**

26. Plaintiff YOO communicated that neither position was fair to him and voiced his belief that he was being retaliated against for his complaints of discrimination.  However, Defendants refused to give Plaintiff another option.

27. Because he had no other option, and in light of Plaintiff YOO's intense fear of Defendant RICHARD and his discriminatory behavior, Plaintiff YOO opted to take the demotion.

28. Taking the new position meant Plaintiff YOO's hourly wage decreased to $31 per hour, he lost his seniority, and he would be the first person terminated if there were layoffs.

29. Defendants retaliated against Plaintiff YOO for his complaints of discrimination by Defendant RICHARD by forcing him to either work with his harasser or take a demotion in position.

30. Plaintiff YOO is terrified of further retaliation for his complaints.

31. Plaintiff YOO wishes to continue his employment relationship, but is too afraid of working with Defendant RICHARD after this incident.

32. Defendants also created a hostile working environment, which unreasonably interfered with Plaintiff YOO's work environment.

33. Plaintiff YOO began to suffer severe anxiety and depression as a result of Defendants' discrimination and harassment.

34. Plaintiff YOO's performance was, upon information and belief, above average during the

course of his employment with Defendants.

35. Plaintiff YOO has been unlawfully discriminated against, humiliated, retaliated against, has been degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

36. **Defendants' actions and conduct were intentional and intended to harm Plaintiff YOO**.

37. As a result of Defendants' actions, Plaintiff YOO feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

38. As a result of the Defendants' discriminatory treatment of Plaintiff YOO, he has suffered severe emotional distress and physical ailments.

39. As a result of the acts and conduct complained of herein, Plaintiff YOO has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff YOO has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff YOO further experienced severe emotional and physical distress.

40. As a result of the above, Plaintiff YOO has been damaged in an amount in excess of the jurisdiction of the Court.

41. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff YOO demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION

## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants.  Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

44. By discriminating against Plaintiff YOO, in whole or in part, on the basis of his gender, Defendants have violated Title VII of the Civil Rights Act of 1964. 42 USC 2000e, *et. seq.*

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

47. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

48. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

50. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his gender.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

51. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to **aid, abet, incite, compel**; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

53. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION

7

### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has **opposed any practices** forbidden under this chapter. . ."

56. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. New York City Administrative Code Title 8-107(13) **Employer liability** for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        i. the employee or agent exercised managerial or supervisory responsibility; or

    ii.   the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    iii.   the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c.  An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an **independent contractor**, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct

59. Defendants violated the section cited herein as set forth.

### JURY DEMAND

60. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII and the New York City Human Rights Law, Administrative Code § 8-107 *et seq.* (the "NYCHRL") by discriminating against Plaintiff solely on the basis of his sex;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make him whole for any losses suffered as a result

of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
      August 29, 2014

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

By: _____
Marjorie Mesidor, Esq.
Nicole Welch, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
212-248-7431
MMesidor@tpglaws.com
nwelch@tpglaws.com
